AO 245B (CASDRev. 08/13) Judgment in a Criminal Case for Revocations

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

*FILED*

*17 FEB 10 PM 2:49*

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Revocation of Probation or Supervised Release) |
| WILLIAM BARRY BLYTHE (01) | (For Offenses Committed On or After November 1, 1987) |
| | Case Number:   14CR0821-AJB |

David L. Baker
Defendant's Attorney

**REGISTRATION NO.**   41664298

☐ -

THE DEFENDANT:

☒ admitted guilt to violation of allegation(s) No.   Two, Three, Four, Five and Six

☐ was found guilty in violation of allegation(s) No. _____ after denial of guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 2-3 | nv28, Failure to provide financial disclosure |
| 4-6 | nv29, Unauthorized checking accounts and.or credit |
| . | |
| . | |
| . | |
| . | |
| . | |

Supervised Release is revoked and the defendant is sentenced as provided in page 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

February 8, 2017
Date of Imposition of Sentence

HON. Anthony J. Battaglia
UNITED STATES DISTRICT JUDGE

14CR0821-AJB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM BARRY BLYTHE (01) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 14CR0821-AJB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
TWENTY-SIX (26) MONTHS with same and additional conditions imposed.

     The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)

☐    The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

     The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14CR0821-AJB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM BARRY BLYTHE (01) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 14CR0821-AJB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

5. Notify the Collections Unit , United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name , entity, including a trust, partnership, or corporation, until restitution is paid in full.

6. Notify the Collections Unit , United States Attorney's Office,  before transferring any interest in any property owned directly or indirectly by him, including any interest held or owned under any other name or entity, including trusts, partnership, or corporations, until restitution is paid in full.

7. Defendant shall pay back and all taxes from 2010, 2011, and 2012, including any penalties and interest and provide a financial statement to the IRS in accordance with any civil agreement with the IRS, and provide proof of same as requested by the Probation Officer.

8. Not engage in the employment or profession of real estate, real estate financing, or any business loan programs, or any profession involving fiduciary responsibilities without the express approval of the probation officer.

9. No self-employment.

10. No employment affiliated with spouse or any other family members.

11. Maintain occupation via W-2 only.

12. Cooperate with any administrative findings of the Internal Revenue Service (IRS), filed any delinquent income tax returns as requested and file future income tax returns as required by law.  The defendant shall pay any tax due and owing including penalties and interest, to the IRS as directed.

13. No involvement, verbal or written, directly or indirectly with trusts or trust documentation without the approval of the probation officer.

14CR0821-AJB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM BARRY BLYTHE (01) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 14CR0821-AJB | |

### *(ADDITIONAL )* SPECIAL CONDITIONS OF SUPERVISION

Be monitored for a period of __10___ months, with the location monitoring technology at the discretion of the probation officer.  The offender shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer.  In addition to other court-imposed conditions of release, the offender's movement in the community shall be restricted as specified below:


__X__   You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. *(Home Detention)*

14CR0821-AJB

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case for Revocations

| | | |
|---|---|---|
| DEFENDANT: | WILLIAM BARRY BLYTHE (01) | Judgment - Page 5 of 5 |
| CASE NUMBER: | 14CR0821-AJB | |

## RESTITUTION

The defendant shall pay restitution in the amount of     $475,789.12     unto the United States of America.

Pay restitution in the amount of $475,789.12 to the IRS through the Clerk, U. S. District Court.

It is ordered that the defendant pay restitution totaling $ 155,531.87 to the following victims in the following amounts:

Chanin Tsirtsis  - $23,106.00
Ezra Joseph      - $50,729.29
Paul Herold and Walt Munzyka  - $33,196.58
Belinda Bosco    - $ 6,000.00
Daniel and Esther Berumen  - $ 7,000.00
Jose and Ninoska Aleman    -$ 9,500.00
Georgina Leanos  - $26,000.00

It is ordered that the defendant pay restitution to the Internal Revenue Service in the total amount of $320,257.25, which consists of the following:

| | 2010 | 2011 | 2012 |
|---|---|---|---|
| Tax Due: | $ 32,712.00 | $ 78,211.00 | $ 66,576.00 |
| Fraud Penalty: | $ 24,534.00 | $ 58,658.28 | $ 49,932.00 |
| Interest* | $ 3,158.00 | $ 4,623.00 | $ 1,853.00 |
| Totals: | $ 60,404.00 | $141,492.25 | $118,361.00 |

TOTAL: $320,257.25

Payment shall be through the Clerk, U.S. District Court. Payment of restitution shall be forthwith. During the defendant's incarceration, the defendant shall pay restitution through the Inmate Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during supervised release at the rate of $200 per month, or as otherwise set by the probation officer upon a full financial disclosure by defendant. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and processes available to collect the restitution judgment.

Pursuant to 18 U.S.C. § 3664(i), the Court shall ensure that all other victims receive full restitution before the United States receives any restitution.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

14CR0821-AJB